**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

ANGELA JACKSON,

                      Civil No. 25-730 (JRT/EMB)

          Plaintiff,

v.

EXPERIAN INFORMATION SOLUTIONS, INC.;

            **MEMORANDUM OPINION AND ORDER GRANTING MOTION TO COMPEL ARBITRATION**

EQUIFAX INFORMATION SERVICES, LLC;

TRANS UNION LLC; and

PORTFOLIO RECOVERY ASSOCIATES LLC,

         Defendants.

---

Ryan D. Peterson, **CONSUMER JUSTICE LAW FIRM PLC**, 6600 France Avenue, Suite 602, Edina, MN 55435, for Plaintiff.

Nicolas Aalberg, **JONES DAY**, Wells Fargo Center, 90 South Seventh Street, Suite 4950, Minneapolis, MN 55402, for Defendant Experian Information Solutions, Inc.

Plaintiff Angela Jackson sued Equifax Information Services, LLC; Experian Information Solutions, Inc. ("Experian"); Trans Union, LLC; and Portfolio Recovery Associates LLC ("Portfolio") (collectively, Defendants) claiming Defendants violated the Fair Credit Reporting Act ("FCRA") and Portfolio violated the Fair Debt Collection Practices Act ("FDCPA"). Plaintiff subsequently dismissed her claims against Equifax Information

Services, LLC and Trans Union, LLC.  Experian now moves to compel arbitration.[1]  The Court will grant Experian's motion because a valid agreement to arbitrate exists and Experian has presented sufficient evidence that Jackson assented to enter into that agreement.

## BACKGROUND

Jackson enrolled in CreditWorks on January 25, 2021.  (Decl. of Dan. Smith ("Smith Decl.") ¶ 3, June 17, 2025, Docket No. 33.)  CreditWorks is a credit monitoring service provided by Experian Consumer Services ("ECS"), an Experian affiliate.  (*Id.* ¶¶ 2, 8.)

To enroll, Jackson had to complete a single webform which required Jackson to enter her personal information (e.g., her name, address, and e-mail address) and create a password.  (*Id.* ¶ 3 & Ex. 1.)  Below the boxes to enter her e-mail address and a password and above a "Create Your Account" button was a disclosure that read: "By clicking 'Create Your Account': I accept and agree to your Terms of Use Agreement, as well as acknowledge receipt of your Privacy Policy."  (*Id.*)  The phrases "Terms of Use Agreement" and "Privacy Policy" were in bold, blue text; the phrase "Terms of Use Agreement" hyperlinked to the full text of the Terms of Use.  (*Id.* ¶ 4 & Ex. 1.)

The Terms of Use Agreement contained an arbitration clause.  (*Id.* ¶ 6 & Ex. 2 (under the header "Dispute Resolution by Binding Arbitration").)  The arbitration clause

---

[1] Portfolio takes no position on Experian's motion but requests that, regardless of the outcome, Jackson's claims against Portfolio should remain in this Court.  (Portfolio's Resp. Experian's Mot. Dismiss, June 20, 2025, Docket No. 43.)

requires any claims against "ECS" that arise out of the Terms of Use Agreement and are "directly related to the Services or Websites" or that arise out of a CreditWorks membership to be litigated in arbitration. (*Id.*, Ex. 2.) "ECS" is defined to include ECS's affiliates. (*Id.*)

**DISCUSSION**

**I.    STANDARD OF REVIEW**

A party who believes that a dispute is subject to arbitration may move for an order compelling arbitration under the Federal Arbitration Act ("FAA").  9 U.S.C. § 3.  In considering such a motion, the Court does not determine the merits of the substantive issues but simply whether the parties have agreed to submit a particular grievance to arbitration.  *Express Scripts, Inc. v. Aegon Direct Mktg. Servs., Inc.*, 516 F.3d 695, 699 (8th Cir. 2008).  The Court may consider agreements stating arbitration terms whether or not those agreements are cited in the complaint.  *City of Benkelman v. Baseline Eng'g Corp.*, 867 F.3d 875, 881 (8th Cir. 2017).

The party seeking to compel arbitration bears the burden to prove a valid and enforceable agreement.  *Shockley v. PrimeLending*, 929 F.3d 1012, 1017 (8th Cir. 2019).  Federal law and policy favor the enforcement of arbitration agreements.  *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983).

"State contract law governs whether a valid agreement to arbitrate exists."  *Triplet v. Menard, Inc.*, 42 F.4th 868, 870 (8th Cir. 2022).  The parties agree that Minnesota law applies.  Under Minnesota law, the formation of a sales contract "requires mutual assent

-3-

among the parties involved in the transaction." *SCI Minn. Funeral Servs., Inc. v. Washburn-McReavy Funeral Corp.*, 795 N.W.2d 855, 864 (Minn. 2011). "Whether mutual assent exists is tested under an objective standard." *Id.* That is, a party's assent to a contract is judged by that party's objective conduct, not their subjective intent. *See Cederstrand v. Lutheran Bhd.*, 117 N.W.2d 213, 221 (Minn. 1962).

## II.    ANALYSIS

Experian moves the Court to compel arbitration, arguing that the arbitration clause contained in the Terms of Use Agreement requires the parties to arbitrate this dispute, and that Jackson provided her assent to enter into that agreement when she clicked the "Create Your Account" button during the CreditWorks enrollment process. In support, Experian provides the declaration of Dan Smith, the Director of Product Operations for ConsumerInfo.com, Inc. ("CIC").[2] (Smith Decl. ¶ 1.) Smith's declaration details the enrollment process and confirms Jackson would have had to click the "Create Your Account" button to enroll, affirming the Terms of Use Agreement. (*Id.* ¶ 5.)

Jackson argues that Experian has not shown that a valid arbitration agreement exists for two reasons. First, the only evidence it has provided in support that an arbitration agreement exists is the Smith declaration, which, Jackson argues, fails to meet minimum evidentiary standards for admissibility. Second, even if the Court were to

---

[2] CIC also does business as Experian Consumer Services ("ECS"); ECS is an Experian affiliate. (Smith Decl. ¶¶ 1–2.)

-4-

accept the testimony in the Smith Declaration, Jackson argues that the agreement described in the Smith Declaration is insufficient to establish mutual assent under Minnesota law.

### A.    The Smith Declaration

The Smith declaration is evaluated under Federal Rule of Civil Procedure 56(c)(4), which requires that an affidavit must be "made on personal knowledge[.]"  Fed. R. Civ. P. 56(c)(4); *see also* Fed. R. Civ. P. 43(c) ("When a motion relies on facts outside the record, the court may hear the matter on affidavits . . . .").

Jackson argues that the Smith Declaration does not meet this standard because Smith could not possess personal knowledge sufficient to make the statements contained in his declaration.  The Court disagrees.  "Smith's firsthand knowledge of the enrollment process—including the screens viewed, the forms completed, and the buttons clicked—suffices to make his declaration admissible." *Jones v. Experian Info. Sols., Inc.*, Civ. No. 23-3887, 2025 WL 227198, at *2 (D. Minn. Jan. 7, 2025) (addressing a case with similar facts in which Smith also submitted a declaration).  *See also Jain v. CVS Pharmacy, Inc.*, 779 F.3d 753, 758 (8th Cir. 2015) ("Lay opinion testimony is admissible if the witness has personal knowledge or perceptions based on industry experience." (internal quotation marks omitted)).

Smith has attested that as the Director of Product Operations for CIC, his job duties require him to be familiar with how consumers enroll in CreditWorks, the forms they must complete to enroll, the webpages a consumer would have encountered to complete

enrollment, and the Terms of Use governing CreditWorks services.  (Smith Decl. ¶ 1.)
Smith's knowledge is based on information learned through the course of his job and
through reviewing business record documents.  (*Id.*)  As in *Jones*, Jackson "has not
provided Eighth Circuit authority . . . that would require Smith to specifically identify the
documents he relied on when making his declaration."  2025 WL 227198, at *2.

The Court will, therefore, consider the Smith Declaration when addressing
Jackson's argument that Experian has not provided evidence sufficient to establish mutual
assent under Minnesota law.

### B.    Mutual Assent

"In a 'clickwrap agreement,' a seller displays terms on a computer screen, and the
user can proceed only by clicking a button to affirmatively accept the terms."  *Ballou v.
Asset Mktg. Services, LLC*, 46 F.4th 844, 852 (8th Cir. 2022).  Jackson argues that the
clickwrap agreement described in the Smith Declaration is insufficient to establish mutual
assent under Minnesota law.  The Court disagrees.  Rather, "the 'click' represents assent
to the contract, including the arbitration clause."  *Siebert v. Amateur Athletic Union of
U.S., Inc.*, 422 F. Supp. 2d 1033, 1039–40 (D. Minn. 2006); *Jones*, 2025 WL 227198, at *2
("By clicking, this step constituted Plaintiff's assent to the arbitration clause.").

Jackson points to *Sgouros v. TransUnion Corporation*, where the Seventh Circuit
found that an Experian website failed to provide sufficient notice to support a finding of
mutual assent.  817 F.3d 1029, 1036 (7th Cir. 2016).  But the webpage used by Jackson is
markedly different from the webpage in *Sgouros*, 817 F.3d 1029.  "In *Sgouros*, the

webpage did not direct users to the full agreement or mention that its users were agreeing to contractual terms." *Jones*, 2025 WL 227198, at *2 (citing *Sgouros*, 817 F.3d at 1035–36.). Here, as in *Jones*, "the notification and hyperlink to the Terms of Use were clear, conspicuous, next to one another, and not hard to find or placed in small font at the bottom of the page." *Id.* (citing cases where courts have upheld similar agreements under similar circumstances).

Experian has presented evidence that shows that Jackson was notified of the Terms of Use, including the arbitration agreement, and agreed to be bound by the Terms of Use by clicking the "Create Your Account" button. Jackson has provided no evidence to the contrary. The Court will, therefore, grant Experian's motion to compel arbitration.

## CONCLUSION

Because Experian has presented evidence that an arbitration agreement exists and that Jackson assented to entering into that agreement, the Court will grant Experian's motion to compel arbitration and will stay this litigation with respect to Jackson and Experian.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant Experian Information Solutions, Inc.'s Motion to Compel Arbitration (Docket No. [30]) is **GRANTED.**

2.  This matter is **STAYED** pending arbitration solely with respect to Plaintiff Angela Jackson's dispute against Defendant Experian Information Solutions, Inc.

3.  Plaintiff Angela Jackson and Defendant Experian Information Solutions, Inc. must file a joint status report within 30 days after a final arbitration order is entered.

DATED: March 23, 2026                          _____/s/ John R. Tunheim_____
at Minneapolis, Minnesota.                          JOHN R. TUNHEIM
                                               United States District Judge